COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






PATRICIA JOANN STOKES,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-09-00206-CR

Appeal from the

194th District Court

of Dallas County, Texas 

(TC# F-08-51381-M) 





O P I N I O N

            Patricia Joann Stokes appeals from the trial court’s order adjudicating her guilty of
prostitution and revoking her community supervision. In a single point of error, Appellant
asserts that the trial court rendered her plea of true involuntary by rejecting the State’s sentencing
recommendation without allowing Appellant to withdraw her plea of true.
            On March 13, 2008, in Cause No. F-08-51381-M, Appellant pled guilty to a felony
prostitution offense pursuant to an open plea agreement in which the State agreed to deferred
adjudication and community supervision. The court followed the plea agreement and placed
Appellant on ten years’ of community supervision.
            On March 31, 2009, the State filed a motion to adjudicate guilt alleging Appellant
committed a new prostitution offense and violated the conditions of her community supervision. 
Pursuant to a second plea bargain, in exchange for the State’s punishment recommendation of
three years’ imprisonment, Appellant entered a plea of true for violating her community
supervision and a plea of guilty for prostitution. Prior to accepting her pleas at the adjudication
hearing, the court found Appellant voluntarily entered both pleas.
            With regard to sentencing for the new prostitution offense, the court accepted the 
State’s plea bargain recommendation of three years’ imprisonment. However, with regard to 
Appellant’s violation of community supervision, the court rejected the State’s recommendation
and imposed a concurrent sentence of five years’ imprisonment.
            In her sole point of error, Appellant contends that the trial court rendered her plea of true
involuntary when it rejected the sentencing recommendation of the State without allowing
Appellant to withdraw her plea of true. We review a ruling on a motion to adjudicate guilt using
an abuse of discretion standard. See Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 
2006).
            The Texas Code of Criminal Procedure Article 26.13 states that before a trial court
accepts a plea of guilty it must admonish the defendant of:
[T]he fact that the recommendation of the prosecuting attorney as to punishment
is not binding on the court. Provided that the court shall inquire as to the
existence of any plea bargaining agreements between the state and the defendant
and, in the event that such an agreement exists, the court shall inform the
defendant whether it will follow or reject such agreement in open court and before
any finding on the plea. Should the court reject any such agreement, the
defendant shall be permitted to withdraw his plea of guilty or nolo
contendere . . . .

Tex.Code Crim.Proc.Ann. art. 26.13(a)(2)(Vernon Supp. 2009).

            When a trial court admonishes a defendant according to Article 26.13 of the Code of
Criminal Procedure even if the admonishment is incomplete or incorrect, such admonishment is
prima facie evidence establishing the knowing and voluntary nature of the guilty plea. Ex parte
Gibautich, 688 S.W.2d 868, 871 (Tex.Crim.App. 1985). Once the defendant has been
admonished pursuant to Article 26.13, the burden shifts to the defendant to prove the
involuntariness of the plea and to show harm. Id. A guilty plea is not rendered involuntary
because the actual sentence imposed exceeds the defendant’s expectations. See West v. State,
702 S.W.2d 629, 633 (Tex.Crim.App. 1986). We review the voluntariness of a plea of true in
light of the totality of the circumstances. See Griffin v. State, 703 S.W.2d 193, 196
(Tex.Crim.App. 1986). In revocation proceedings, a trial court is under no obligation to allow a
defendant to withdraw a plea of guilty if the court rejects the plea bargain agreement. Gutierrez
v. States, 108 S.W.3d 304, 309-10 (Tex.Crim.App. 2003).
            Appellant argues that the trial court abused its discretion by rendering her plea of true
involuntary when it decided not to follow the plea bargain agreement, imposed a sentence that
exceeded the plea bargain agreement, and failed to provide Appellant with an opportunity to
withdraw her plea of true. In support of her argument, Appellant relies on the fact that the plea
bargain specifically states, “The prosecuting attorney’s recommendation as to punishment is not
binding on the Court. You will be permitted to withdraw your plea if the court rejects any plea
bargain made in this case.”
            The record demonstrates that Appellant reviewed and read the written admonishments
 with her attorney before accepting the State’s second plea bargain. Appellant testified that she
understood the admonishments and the consequences of her pleas. She also testified that she
freely and voluntarily signed the written Judicial Confession and Stipulation of Evidence. 
Furthermore, when the court asked if she was forced, made promises, or coerced into entering
into her plea, she replied, “No, sir.” Appellant testified that she understood that if she persisted
in pleading true, she could be sentenced up to ten years’ imprisonment.
            The record clearly shows that the court admonished Appellant that if it chose not to
follow the plea bargain, the court would allow her to withdraw her plea and have her case set for
a jury trial. In the revocation matter, the court found that Appellant violated her community
supervision and in accordance with Article 26.13 stated, “I will not follow the plea bargain
agreement in this case, and I am sentencing the defendant to five years confinement in the
Institutional Division of the Texas Department of Criminal Justice.” When the court asked, “Is
there any reason at law, Counsel, why your client should not be sentenced at this time?” 
Appellant’s counsel answered, “No, your Honor.”
            Under the totality of the circumstances, it is clear that Appellant’s plea of true was
voluntary. See Griffin, 703 S.W.2d at 196. Here, the record establishes the prima facie evidence
of the voluntariness of Appellant’s plea. See Ex parte Gibautich, 688 S.W.2d at 871. Appellant
has failed to meet her burden of proving that her plea was involuntary and that she suffered
harmed. Id.
            Appellant testified that she understood she would be allowed to withdraw her plea of true
if the plea bargain was not followed. However, the record shows that neither Appellant’s
attorney nor Appellant requested or attempted to withdraw Appellant’s plea of true, despite
having the opportunity to do so. Accordingly, having found no abuse of discretion, we find
Appellant’s sole point of error to be without merit. We overrule Appellant’s sole point of error.
            We affirm the judgment of the trial court.



September 8, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)